IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARLAN D. HODGES, #04702-025,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-299-DRH |
| | ) |
| **J. PHIL GILBERT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Carlan Hodges, currently an inmate in FCI-Ray Brook, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

---

[1] In his initial pleading (Doc. 1), Hodges refers to 18 U.S.C. § 3332 as basis for this action. He later filed a supplement (Doc. 8) in which he corrected this reference to include 28 U.S.C. §§ 1331 and 1346.

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## BACKGROUND

In June 1999, Hodges was found guilty in this District on two counts involving possession of firearms; he was sentenced to 188 months imprisonment. During pendency of his direct appeal, Hodges learned that his trial judge, District Judge Paul E. Riley, may have had improper *ex parte* communications with the jury during their deliberations. He filed a motion for new trial, and the matter was remanded from the Seventh Circuit. To consider that motion, District Judge Richard H. Mills of the Central District of Illinois was assigned to the case. Judge Mills held an evidentiary hearing, denied the motion, and Hodges's conviction and sentence were later affirmed. *United States v. Hodges*, 315 F.3d 794 (7th Cir.), *cert. denied,* 123 S.Ct. 1943 (2003). Hodges then sought relief under 28 U.S.C. § 2255, which was denied. *Hodges v. United States*, Case No. 04-cv-4074-RHM (S.D. Ill., filed April 4, 2004).

## THE COMPLAINT

In the instant action, Hodges asserts that due to Judge Riley's improper actions, he was deprived of a fair trial under the Fifth and Sixth Amendments, among other provisions, and he seeks an aggregate of $12 million dollars in damages. Hodges sues not only Judge Riley, but also two other federal judges, two government attorneys, and a former law clerk to Judge Riley.

As explained in his supplement (Doc. 7), Hodges includes District Judge G. Patrick Murphy as a defendant because Judge Murphy was the original judge assigned to his criminal case. Early in the proceedings, Judge Murphy realized that earlier in his legal career as a practicing attorney,

he had once represented one of the government's witnesses. Judge Murphy recused himself, and the case was reassigned to Judge Riley (Doc. 7, pp. 11-12).

Hodges includes District Judge J. Phil Gilbert as a defendant because Judge Gilbert was Chief Judge in this District at the time of Hodges's criminal trial. In a letter dated December 7, 1999, Judge Gilbert sent a letter to Hodges's attorney, Renee Schooley, advising her that Judge Riley "had ex parte communication with the jury during its deliberations in [Hodges's] case" (Doc. 7, p. 14).

Hodges includes David Agay as a defendant because he was the law clerk for Judge Riley who was assigned to Hodges's case. In a file note dated January 4, 2000, Judge Gilbert summarizes an interview he conducted with Agay in November 1999 regarding Judge Riley's actions during four criminal trials, included Hodges's trial. Agay acknowledged that Judge Riley had contact with jurors during three of those cases. However, Agay had not kept detailed notes, and thus he was unable to recall definitively which cases were involved.

J. Christopher Moore was the Assistant United States Attorney assigned to the criminal case. Patty Merkamp Stemler was a Department of Justice attorney in the appellate section of the criminal division from Washington DC.

### DISCUSSION

Judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989). Thus, Hodges has no claim against Judge Murphy, Judge Gilbert, or Judge Riley.

Likewise, "for purposes of absolute judicial immunity, judges and their law clerks are as one." *Oliva v. Heller*, 839 F.2d 37, 40 (2nd Cir. 1988); *see also Gregorich v. Lund*, 54 F.3d 410, 417 (7th Cir. 1995). Thus, Hodges has no claim against Agay.

Similarly, "[i]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Thus, Hodges has no claim against Moore or Stemler.

Finally, "Bivens actions, like actions under § 1983, are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred." *Delgado-Brunet v. Clark,* 93 F.3d 339, 342 (7th Cir. 1996). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, *Bivens* claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). In this case, the relevant actions occurred in 1999, and Hodges was notified in early 2000. Hodges did not file this action until April 2010, almost ten years too late.

### DISPOSITION

In summary, Hodges's complaint for damages does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Hodges is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: October 13, 2010.**

        /s/ DavidRHerndon
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**